IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK LOFTUS,

    Plaintiff,

Case No.: 8:14 CV2473T33TBM

v.

MEDIA GENERAL OPERATIONS, INC.,
MG ADVANTAGE FLEX BENEFITS PLAN,
AND
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

    Defendants.
_____/

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS
AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

**COMES NOW**, Plaintiff, Patrick Loftus, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Short-Term Disability and Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject Disability Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now



1

properly before this court for judicial review.

3. Venue is proper within the Middle District pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Patrick Loftus, (hereinafter "Plaintiff"), is currently a resident of City of Malverne, County of Chester, State of Pennsylvania, but was a resident of the City of Tampa, County of Hillsborough, State of Florida at the time he became disabled under the subject employee welfare benefit plan. At such time that he was covered by the subject employee welfare benefit plan, Plaintiff was employed in Tampa, Florida.

5. Plaintiff alleges upon information and belief that Defendant MG Advantage Flex Benefit Plan (hereinafter "PLAN"), is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA. The PLAN may be served with process by serving the Plan Administrator, Media General Operations, Inc. d/b/a Media General Inc., 333 East Franklin Street, Richmond, VA 23219.

6. Plaintiff alleges Sedgwick Claims Management Services, Inc. is a Tennessee corporation that is authorized to transact business in all states, and is the claim administrator for the MG Advantage Flex Benefit Account.

7. Sedgwick Claims Management Services, Inc. may be served with process at 1200 South Pine Island Road, Plantation, FL 33324.

8. Plaintiff alleges upon information and belief that Media General Operations, Inc. was Plaintiff's employer, and is the Plan Sponsor of the PLAN.

9. Defendant Media General Operations, Inc. additionally maintained other employee benefit plans under which Plaintiff may be entitled to benefits if found disabled under the Short-Term and Long-Term Disability Plan.

10. Defendant Media General Operations, Inc. may be served with process at 1201 Hays Street, Tallahassee, FL 32301.

## FACTS

11. The PLAN is a qualified "cafeteria plan" under Code Section 125.

12. The Plaintiff was employed by Media General Operations Inc. The Plaintiff was thereby a participant or beneficiary of the PLAN and is covered by the PLAN. The Plaintiff ceased work due to a disability while covered under the PLAN.

13. The Plaintiff has been and continues to be disabled as defined by the provisions of the PLAN.

14. The Plaintiff timely filed an application for benefits under the PLAN.

15. In accordance with the review procedures set forth in the PLAN, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff, appealed the claim until exhausting the required plan appeals.

16. The PLAN documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

17. The Court's standard of review is *de novo* under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

18. None of the Defendants made a claim determination in response to Plaintiff's second appeal within the time allowed to make such determination pursuant to ERISA.

19. The Defendant insurance company has acted under a policy to take advantage of the potential applicability of ERISA to claims.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

Plaintiff incorporates the allegations contained in paragraphs 1 through 19 as if fully stated herein and says further that:

20. Under the terms of the PLAN, Defendants agreed to provide Plaintiff with short-term and long-term disability benefits in the event that Plaintiff became disabled as defined by the PLAN.

21. Plaintiff is disabled under the terms of the PLAN.

22. Defendants failed to provide benefits due under the terms of the PLAN, and this denial of benefits to Plaintiff constitutes a breach of the PLAN.

23. The decision to deny benefits was wrong under the terms of the PLAN.

24. The decision to deny benefits and decision-making process were arbitrary and capricious.

25. The decision to deny benefits was not supported by substantial evidence in the record.

26. The decision-making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant and must comport with the Department of Labor Regulations.

27. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

28. The appellate procedures did not provide the Plaintiff a full and fair review.

29. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

30. The Defendants violated the fiduciary duties owed to the Plaintiff.

31. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the PLAN, and continued benefits payable while the Plaintiff remains disabled under the terms of the PLAN.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against all Defendants;

2. Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the PLAN or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the PLAN.

5. An Order requiring Defendant Employer to provide Plaintiff with any other employment benefits to which he would be entitled pursuant to a finding that he is disabled under the PLAN;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 24th day of September, 2014.

*Respectfully submitted,*

CARRIE J. FEIT, P.A
3211 Ponce de Leon. Blvd., Ste. 200
Coral Gables, FL 33134
p: 305.443-3060
f: 305.443-2238

BY: _____
CARRIE J. FEIT
FL. Bar No. 470066